UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK. CHARLESTON. S

2008 OCT 27 A ⁝:

| | |
|---|---|
| Christopher Parnell, | ) C/A No. 2:08-3354-HMH-RSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| State of S.C.; James Cooper, Public | ) FOR PARTIAL DISMISSAL |
| Defender; Judge Philip Newsome; Solicitor | ) |
| Offices; A.S.G.D.C. Richland County; Two | ) |
| Richland County Sheriffs Officer, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The plaintiff, Christopher Parnell ("Plaintiff"), proceeding

*pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]

Plaintiff also files this action *in forma pauperis* under 28 U.S.C.

§ 1915. The complaint can be construed as raising false arrest and

discrimination claims, and seeks monetary damages, as well as

injunctive relief. The complaint names as defendants several

individuals and entities that are not subject to suit under § 1983,

and these defendants should be dismissed.

### Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district,

a careful review has been made of the *pro se* complaint pursuant to

the procedural provisions of 28 U.S.C. § 1915. This review has

been conducted in light of the following precedents: *Denton v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and
Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to
review such complaints for relief and submit findings and
recommendations to the District Court.

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174

2

F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.,* 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the complaint is filed pursuant to 42 U.S.C. § 1983.[2] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself

---

[2] Title 28 U.S.C. § 1331 succinctly provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## Person

The law is well settled that only "persons" may act under color of state law, therefore, a defendant in an action under § 1983 must qualify as a "person." The Alvin S. Glenn Detention Center is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the Alvin S. Glenn Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are

4

directed at 'persons' and the jail is not a person amenable to suit."). Defendant ASGDC (Alvin S. Glenn Detention Center) should be dismissed as a party in this case.

## Color of State Law

Defendant Cooper is the attorney appointed by the State to represent Plaintiff in a state criminal proceeding. The complaint fails to establish that Defendant Cooper acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). Defendant Cooper should be dismissed as a party in this case.

## Immunity

Plaintiff names the State of South Carolina as a defendant, but the State is immune from suit pursuant to 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects

5

of any Foreign State.

*See Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); and *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State School & Hospital v. Halderman, supra*, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). The Defendant State of South Carolina should be dismissed as a party in this case.

The complaint names Judge Philip Newsome as a defendant. In *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) and *Pierson v. Ray*, 386 U.S. 547, 554 (1967), the United States Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. Judge Philp Newsome has absolute judicial immunity with respect to his judicial acts in the plaintiff's criminal case. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v.*

6

*Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").    The Defendant Judge Newsome should be dismissed as a party in this case.

The complaint names "solicitor offices" as a defendant in the caption but the statement of claims only refers to the "solicitor." The complaint is construed as suing the solicitor that prosecuted Plaintiff's criminal cases.    In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process."    The plaintiff's allegations concerning the solicitor indicate that the actions of the solicitor were within the judicial phase of the criminal process.    Thus, the solicitor has absolute immunity from suit in this § 1983 action.    The Defendant solicitor should be dismissed as a party to this suit.

## Unidentified Defendants

The only defendants named in the complaint which could be persons acting under color of state law are the unnamed and unidentified "Two Richland County Sheriff's Officers."    By separate

7

order the Plaintiff has been informed that he must sufficiently identify the Sheriff's Officers and provide the name(s) and address(es) on a completed summons and USM-285 form(s), or the officers cannot be served. The order also notifies the Plaintiff that Rule 4(m) allows for 120 days from filing a complaint to effect service in a case, and if the Sheriff's Officers are not served within the time allowed by Rule 4(m), the case will be recommended for dismissal without prejudice.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the Defendants, except Richland County Sheriff's Officers, in this case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B). The plaintiff's attention is directed to the notice on the following page.


Robert S. Carr
United States Magistrate Judge

October 27, 2008
Charleston, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).